# In the United States Court of Federal Claims

| | |
|---|---|
| SHATWAYLLA YOUMANS, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>THE UNITED STATES OF AMERICA, )<br>)<br>Defendant. )<br>) | No. 25-1902<br>(Filed: November 24, 2025) |

## OPINION AND ORDER

**KAPLAN, Judge.**

On November 5, 2025, Plaintiff Shatwaylla Youmans, proceeding pro se, filed a Complaint in this court. Compl., Docket No. 1. Ms. Youmans seeks $500 million in damages for a variety of claims. For the reasons set forth below, the Court has determined it does not have jurisdiction over Ms. Youmans' claim and will dismiss this case.

## DISCUSSION

The United States Court of Federal Claims is a court of limited jurisdiction. The Tucker Act grants the court the power "to render judgment upon any claim against the United States founded either upon the Constitution, or any Act of Congress or any regulation of an executive department, or upon any express or implied contract with the United States, or for liquidated or unliquidated damages in cases not sounding in tort." 28 U.S.C. § 1491(a)(1). To proceed in this court, plaintiffs must identify a money-mandating statute that supports an award of damages. See Rick's Mushroom Serv., Inc. v. United States, 521 F.3d 1338, 1343 (Fed. Cir. 2008) ("[P]laintiff must look beyond the Tucker Act to identify a substantive source of law that creates the right of recovery of money damages against the United States."); Greenlee Cnty. v. United States, 487 F.3d 871, 876 (Fed. Cir. 2007) ("If the statute is not money-mandating, the Court of Federal Claims lacks jurisdiction, and the dismissal should be for lack of subject matter jurisdiction." (citing Fisher v. United States, 402 F.3d 1167, 1172 (Fed. Cir. 2005))).

A plaintiff bears the burden to prove that a court has subject-matter jurisdiction by a preponderance of the evidence. K-Con Bldg. Sys., Inc. v. United States, 778 F.3d 1000, 1004 (Fed. Cir. 2015) (citing Reynolds v. Army & Air Force Exch. Serv., 846 F.2d 746, 748 (Fed. Cir. 1988)). It is well established that complaints filed by pro se plaintiffs are held to "less stringent standards than formal pleadings drafted by lawyers." Haines v. Kerner, 404 U.S. 519, 520 (1972). Nonetheless, even pro se plaintiffs must persuade the Court that jurisdictional requirements have been met. Furthermore, the Court has an independent obligation to satisfy itself of its jurisdiction. See, e.g., Arbaugh v. Y&H Corp., 546 U.S. 500, 506–07, 514 (2006);

Rick's Mushroom Serv., Inc. v. United States, 521 F.3d 1338, 1346 (Fed. Cir. 2008); see also RCFC 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action.").

Ms. Youmans' Complaint is difficult, at best, to follow. It accuses a number of federal agencies and officials of committing a variety of legal infractions actions. For example, Ms. Youmans alleges the Department of Treasury is rife with fraud, waste, and abuse in connection with various payments and forms of assistance to immigrants, and that the Department of Treasury and the Department of Justice—along with several other government agencies—have abrogated their duty to investigate these instances of fraud, waste, and abuse. See, e.g., id. ¶¶ 6, 9–15. Ms. Youmans also asserts that the Department of Treasury is "keeping [her] poor" apparently by providing assistance to immigrants rather than to her. See, e.g., id. ¶¶ 8, 11–12, 14–15.

Ms. Youmans has not, however, identified a money-mandating source of law—and the Court is aware of none—which could support an award of damages for these allegedly illegal acts. Without a money-mandating source of law, this Court does not have jurisdiction over these claims.

Ms. Youmans also makes various claims against the State of Arizona and its agents, including allegations against Florida's Attorney General, health departments, prisons, and police. See generally id. These claims are not within this Court's jurisdiction as the United States is the only proper defendant in the Court of Federal Claims. United States v. Sherwood, 312 U.S. 584, 588 (1941). To the extent these claims do implicate the United States, this Court still lacks subject-matter jurisdiction because the claims—including but not limited to allegations of wrongful imprisonment, torture, extortion, and attempted murder—either sound in tort or involve criminal law matters. 28 U.S.C. § 1491(a)(1); see also, e.g., Cooper v. United States, 771 Fed. App'x 997, 1000 (Fed. Cir. 2019) (stating the Court of Federal Claims does not have jurisdiction over tort claims or claims under criminal laws).

Finally, Ms. Youmans claims the Department of Treasury miscalculated her social security benefits in 2017 and then wrongfully requested repayment of such benefits. Compl. ¶¶ 16–17. Claims related to social security benefits, however, are exclusively the province of district courts. 42 U.S.C. § 405(g)–(h). "[T]he Court of Federal Claims lacks jurisdiction because claims for social security benefits must be filed in a federal district court." Arunga v. United States, 465 Fed. App'x 966, 967 (Fed. Cir. 2012) (citing Marcus v. United States, 909 F.2d 1470, 1471 (Fed. Cir. 1990)). Therefore, this Court lacks subject-matter jurisdiction to hear this claim.

The Court has considered any and all other claims made in Ms. Youmans' Complaint and concludes that it lacks subject-matter jurisdiction over such claims for the same reasons listed above.

## **CONCLUSION**

On the basis of the foregoing, and pursuant to RCFC 12(b)(1) and RCFC 12(h)(3), Ms. Youmans' Complaint is **DISMISSED without prejudice**. The Clerk is directed to enter judgment accordingly.

**IT IS SO ORDERED.**

_____
ELAINE D. KAPLAN
Judge